**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Terrance Lee JONES, Defendant–**
**Appellant.**

**No. 09–30161.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 5, 2010.*

Filed March 9, 2010.

Kimberly R. Sayers–Fay, Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

John C. Pharr, Esquire, Law Offices of John C. Pharr, Anchorage, AK, for Defendant–Appellant.

Before: TASHIMA, FISHER and BERZON, Circuit Judges.

MEMORANDUM **

Defendant Terrance Jones appeals the sentence imposed by the district court. We affirm.

The district court correctly held that Jones's 1989 Colorado conviction for second-degree robbery is a predicate conviction for sentencing purposes under 18 U.S.C. § 924(e)(1).

Federal law forbids a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to … possess … any firearm." 18 U.S.C. § 922(g). If convicted under this statute, an offender who has three violent felony convictions faces an enhanced sentence of at least fifteen years. § 924(e)(1). A violent felony is defined in relevant part as "any crime punishable by imprisonment for a term exceeding one year." § 924(e)(2)(B). A conviction is not a "crime punishable by imprisonment for a term exceeding one year" if "a person … has had civil rights restored … unless … restoration of civil rights expressly provides that the person may not … possess … firearms." § 921(a)(20).

Colorado restores civil rights automatically when a person has "served out his full term of imprisonment." Colo. Const. art. VII, § 10. Where restoration is automatic, "[o]ne must 'look to the whole of state law'" of the state of conviction for any provisions limiting the right to possess firearms. *United States v. Herron*, 45 F.3d 340, 342 (9th Cir.1995). Colo.Rev. Stat. § 18–12–108 now provides that "[a] person commits the crime of possession of a weapon by a previous offender if the person knowingly possesses … a firearm … subsequent to the person's conviction for a felony … under Colorado or any

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

other state's law or under federal law." The statute prohibits a felon from possessing a firearm after his civil rights have otherwise been restored.

Section 18–12–108 was amended to its present form in 1994, after Jones's guilty plea to second-degree robbery in March 1989 but before his release and the restoration of his civil rights in October 2001. The state law in effect *at the time of the restoration* [of civil rights]" controls. *United States v. Huss,* 7 F.3d 1444, 1446 (9th Cir.1993), *overruled on other grounds, United States v. Sanchez–Rodriguez,* 161 F.3d 556 (9th Cir.1998). Thus, the district court did not err in counting the Colorado conviction as a predicate conviction for sentencing purposes under 18 U.S.C. § 924(e)(1).

AFFIRMED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.